# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joshua Stitley,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0929** (Berkeley County 17-C-214)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**May 31, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua Stitley, pro se, appeals the September 20, 2017, order of the Circuit Court of Berkeley County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Robert L. Hogan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Late on the evening of May 26, 2011, petitioner and his codefendant, Roy Wisotzkey, traveled to the home of petitioner's mother and stepfather, Vickie and Jack Clem, with the intent to commit burglary. The men were armed with a knife and the codefendant's baseball bat and decorative sword. The men entered the home without permission where they were confronted by Mr. Clem. During the confrontation, petitioner struck Mr. Clem on the head with the baseball bat and stabbed him in the groin with the knife. Mr. Clem fell into a bathroom where he shut and

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

barricaded the door. While petitioner was fighting with Mr. Clem, his codefendant struck Mrs. Clem on the head with the baseball bat. One or both men then followed Mrs. Clem into her bedroom where she was struck on the head with the baseball bat at least seven more times and stabbed twice in the chest. Mrs. Clem died that night as a result of her injuries.

Following the attack, petitioner and his codefendant remained in the Clems's residence and consumed drugs and alcohol. At one point, petitioner left the home to withdraw money from Mrs. Clem's bank account using her ATM card; he then returned to the Clems's home. Eventually, both men fell asleep in the home's living room. While they slept, Mr. Clem escaped from his home. Early the next morning, petitioner and the codefendant awoke, removed various objects of the Clems's personal property from the house, and fled the scene. However, they were soon apprehended by law enforcement.

On October 20, 2011, petitioner and his codefendant were jointly indicted for the following crimes: Count 1, murder in violation of West Virginia Code § 61-2-1 (Mrs. Clem); Count 2, felony murder in violation of West Virginia Code § 61-2-1 (the underlying felony was the commission/attempt to commit robbery); Count 3, robbery in the first degree in violation of West Virginia Code § 61-2-12(a) (Mrs. Clem); Court 4, robbery in the first degree in violation of West Virginia Code § 61-2-12(a) (Mr. Clem); Count 5, conspiracy to commit robbery in violation of West Virginia Code § 61-10-31; Count 6, burglary in violation of West Virginia Code § 61-3-11(a); Count 7, attempted murder in violation of West Virginia Code § 61-11-8(1) (Mr. Clem); Count 8, malicious assault in violation of West Virginia Code § 61-2-9(a) (Mr. Clem); Count 9, assault during the commission of a felony in violation of West Virginia Code § 61-2-10 (Mr. Clem); and Count Ten, assault during the commission of a felony in violation of West Virginia Code § 61-2-10 (Mrs. Clem). Additionally, petitioner was individually indicted on one count of fleeing in a vehicle while driving under the influence from a law enforcement officer in violation of West Virginia Code § 61-5-17(j) and one count of fraudulent use of an access device in violation of West Virginia Code § 61-3C-13(c).

On August 7, 2013, following a jury trial, petitioner's codefendant was found guilty of felony murder based on the underlying robbery of Mrs. Clem, first-degree robbery of Mr. Clem, burglary, and conspiracy to commit robbery. The circuit court sentenced the codefendant to a life term of incarceration with the possibility of parole for felony murder and fifty years of incarceration for first-degree robbery. The circuit court ordered that those sentences be served concurrently. The circuit court further sentenced the codefendant to one to fifteen years of incarceration for burglary and one to five years of incarceration for conspiracy. The circuit court ordered that the codefendant's sentences for burglary and conspiracy were to run concurrently with one another, but consecutive to the sentences for felony murder and robbery.

On October 21, 2013, the day before his jury trial, petitioner entered into a plea agreement with the State. Petitioner agreed to plead guilty to felony murder based on the underlying robbery of Mrs. Clem, first-degree robbery of Mr. Clem, attempted murder of Mr. Clem, and malicious assault of Mr. Clem. In exchange, the State agreed to dismiss all other charges and to enter into a binding sentencing recommendation as to felony murder where petitioner would be sentenced to a life term of incarceration with the possibility of parole. However, with regard to the other guilty

pleas, "[e]ach side [was] free to request any sentence on the remaining counts as allowed by law." Consequently, at the plea hearing, the circuit court cautioned that, except for the agreed disposition regarding felony murder, "the [plea] bargain is not binding on this [c]ourt and I don't have to dispose of your case the way you and your attorney and the State's attorney are recommending." Petitioner responded, "Yes, Your Honor."

After engaging a colloquy with petitioner pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), the circuit court found that petitioner freely, voluntarily, and intelligently entered his guilty pleas:

> The [c]ourt finds your decision to plead guilty was freely and voluntarily and intelligently made. You had the advice of counsel, a highly competent criminal trial lawyer with whom you say you're satisfied. Therefore, your pleas of guilty to felony murder, robbery in the first degree, attempted murder in the first degree, and malicious assault [are] accepted, and based upon your pleas[,] you are adjudged convicted of those crimes.

Following the October 21, 2013, plea hearing, the State made its sentencing recommendation with regard to those of petitioner's convictions where the circuit court had discretion to impose such sentences as allowed by law. The State recommended a sentence of fifty years of incarceration for first-degree robbery, but also advocated that, unlike in the codefendant's case, all of petitioner's sentences should be served consecutively.

At a January 13, 2014, sentencing hearing, petitioner expressed remorse for his crimes and his attorney argued for concurrent sentencing, claiming that "this is a terrible tragic incident obviously driven by drugs and alcohol." The State's attorney argued that all of petitioner's sentences should run consecutively where petitioner's mother and stepfather "were terrorized in their own home for nothing more than loving this young man." Thereafter, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole for felony murder as required by the plea agreement. However, the circuit court declined to follow the State's non-binding recommendation with regard to first-degree robbery and instead imposed a sentence of sixty years of incarceration. The circuit court further sentenced petitioner to three to fifteen years of incarceration for attempted murder and two to ten years of incarceration for malicious assault. The circuit court ordered that all of petitioner's sentences run consecutively.

In *State v. Stitley*, No. 14-0265, 2014 WL 5546524, at *2 (W.Va. Nov. 3, 2014) (memorandum decision), petitioner appealed his aggregate sentence as unjustifiably harsher than that of his codefendant. This Court rejected petitioner's argument and affirmed the circuit court's sentencing order, finding:

> The record on appeal in this case demonstrates that petitioner and his codefendant were not similarly situated with regard to the crimes committed. Here, petitioner instigated and planned the crimes; the victims were his mother and stepfather; petitioner recruited the codefendant for the crimes because the codefendant was large and imposing; petitioner drove the codefendant to the Clems's home;

3

petitioner struck his [stepfather] in the head with a baseball bat and stabbed him in the groin with a knife; petitioner urged the codefendant to "help him" with the attack; petitioner either participated in, or failed to stop, the murder of his mother; petitioner stole money and credit cards from the victims and withdrew money from his mother's bank account using her bank card; and, petitioner thereafter returned to the home and consumed alcohol and drugs while his mother lay dead in her bedroom and his stepfather was trapped in the bathroom bleeding from the knife wound.

*Id.* at \*3.

Petitioner filed his first petition for writ of habeas corpus on April 14, 2015, raising ineffective assistance of trial counsel and disproportionate sentencing. The circuit court thereafter appointed habeas counsel for petitioner. Habeas counsel filed an amended petition, verified by petitioner as true, on August 26, 2015, raising five grounds for relief: (1) ineffective assistance of trial counsel; (2) disproportionate sentencing; (3) an erroneous presentence investigation report; (4) mental incompetency at the time of offense;[2] and (5) prejudicial pretrial publicity. In the amended petition, petitioner acknowledged that "[t]he plea agreement was binding on the [c]ourt for the charge of [f]elony [m]urder" and that "[t]here was no agreement on the remaining counts." Petitioner sought "a full evidentiary hearing on the merits of [his] claim[s]." By order entered September 14, 2015, the circuit court denied the amended habeas petition without holding an evidentiary hearing and found petitioner's claims to be without merit. Petitioner did not appeal the circuit court's September 14, 2015, order denying his first habeas petition.

On May 9, 2017, petitioner filed a second habeas petition, raising ineffective assistance of habeas counsel as a single ground for relief. Petitioner argued that, if counsel in his first habeas proceeding had provided more factual support for those grounds for relief and/or framed those issues in the way that petitioner wanted, the outcome of the prior proceeding would have been different. By order entered September 20, 2017, the circuit court denied the second habeas petition, finding that "the present record is sufficiently developed to rule on [p]etitioner's ineffective assistance of habeas counsel claim." The circuit court found that petitioner's allegation that habeas counsel failed to request an evidentiary hearing was contradicted by the record, noting that the amended petition drafted by the attorney contained such a request. The circuit court further rejected petitioner's arguments that habeas counsel should have provided more factual support for the grounds for relief and/or framed the issues in the way that petitioner wanted, concluding:

The crux of the [p]etition appears to be that, because the [c]ourt denied [p]etitioner's first habeas petition, [p]etitioner's habeas counsel must have been ineffective. The [c]ourt does not agree. Habeas counsel cannot be found ineffective simply because a habeas petition is found unsuccessful, and [p]etitioner has not

---

[2]Petitioner was under the influence of alcohol and drugs. We note that, while voluntary intoxication does not ordinarily excuse a crime, "it may reduce the degree of the crime or negative a specific intent." *State v. Joseph*, 214 W.Va. 525, 531, 590 S.E.2d 718, 724 (2003) (quoting *State v. Keeton*, 166 W.Va. 77, 82-83, 272 S.E.2d 817, 820 (1980)).

alleged facts establishing that his habeas counsel's performance fell below an objective standard of reasonableness or that, but for habeas counsel's alleged errors, the first habeas petition would have been successful.

(Footnote omitted.). Accordingly, the circuit court denied the habeas petition.

Petitioner now appeals the circuit court's September 20, 2017, order denying his second habeas petition. We review the circuit court's order under the following standards:

1.    "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

\*\*\*\*

3.    "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

On appeal, petitioner argues that both his trial attorney and habeas attorney failed to raise issues which could have changed the result of his case. In raising ineffective assistance of trial counsel and the other issues set forth in the amended petition in the first habeas proceeding, petitioner argues that habeas counsel failed to provide adequate factual support for those grounds for relief and/or failed to frame them in the way that petitioner wanted. Respondent counters that the circuit court properly denied petitioner's second habeas petition without a hearing or appointment of counsel. We agree with respondent.

In syllabus point two of *Call*, we held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas*

*corpus*." 159 W.Va. at 191, 220 S.E.2d at 667; *see State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) (stating that, "in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences").[3] (Footnote omitted.). Based on our review of the plea hearing transcript, we find that, during the colloquy conducted pursuant to *Call*, petitioner informed the circuit court that he was satisfied with trial counsel, who was "a highly competent criminal trial lawyer," and knowingly and voluntarily entered his guilty pleas and waived all antecedent constitutional and statutory rights. While petitioner argues that he mistakenly understood that the State's recommendation of fifty years for first-degree robbery was binding on the circuit court, the plea hearing transcript clearly reflects that the circuit court advised him that, except for the agreed disposition regarding felony murder, "the [plea] bargain is not binding on this [c]ourt and I don't have to dispose of your case the way you and your attorney and the State's attorney are recommending." Petitioner responded, "Yes, Your Honor."

With regard to trial counsel's performance at the sentencing hearing, we find that counsel directed the circuit court's attention to petitioner's intoxication on the night of the offenses, arguing that "this is a terrible tragic incident obviously driven by drugs and alcohol." Finally, with regard to the performance of habeas counsel, we find that the record clearly contradicts petitioner's allegation that there was no request for an evidentiary hearing in the prior habeas proceeding because such a request was included in the amended petition filed by that attorney. Therefore, based on the record, we conclude that petitioner failed to show that the performance of either trial counsel or habeas counsel fell below an objective standard of reasonableness.

Even if there was an instance of deficient performance by one of the attorneys, we find that, based on the record, the result of petitioner's case would not have changed given his valid guilty pleas and his waiver of his constitutional and statutory rights. While petitioner argues that his sentence was unjustifiably harsh, we rejected a substantially similar argument in *Stitley* where we found that petitioner and his codefendant were not similarly situated given that, after the heinous crimes against petitioner's family members, petitioner consumed drugs and alcohol in their home "while his mother lay dead in her bedroom and his stepfather was trapped in the bathroom bleeding from the knife wound" inflicted upon him by petitioner. 2014 WL 5546524, at *3. Therefore, based on our review of the record, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition without a hearing or appointment of counsel.[4]

---

[3]Jurisdictional questions do not exist in this case because petitioner acknowledged at the plea hearing that his offenses occurred in Berkeley County.

[4]To the extent that petitioner raises on appeal issues not set forth in his second habeas petition, we note that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." *Watts v. Ballard*, 238 W.Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958)).

For the foregoing reasons, we affirm the circuit court's September 20, 2017, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:  May 31, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison